UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| LOUISE ARMIJO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>YAKIMA HMA, LLC, et al.,<br><br>　　　　　Defendants. | NO: 11-CV-3114-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |
|---|---|

　　　BEFORE THE COURT are Defendant Yakima HMA, LLC's Motion to Dismiss (ECF No. 29) and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 33). These matters were heard without oral argument on July 3, 2012. The Court has reviewed the motions, the responses, the replies, and is fully informed.

PROCEDURAL HISTORY

　　　On April 11, 2012, the court entered an order dismissing with prejudice claims in Plaintiff's First Amended Complaint for wrongful discharge in violation of public policy, failure to accommodate, intentional infliction of emotional distress (outrage), negligent infliction of emotional distress, negligent hiring,

ORDER RE: MOTION TO DISMISS AND LEAVE TO AMEND ~ 1

1  training, managing and supervision, and negligent retention. ECF No. 27. The

2  court also dismissed Plaintiff's claims for defamation, libel and slander, invasion

3  of privacy, failure to pay overtime, and breach of contract with leave to amend.

4  ECF No. 27.

5   Plaintiff filed a Second Amended Complaint on April 25, 2012, in which she

6  re-pled her cause of action for invasion of privacy and also added a claim for

7  conversion and civil theft. ECF No. 28. Defendant Yakima HMA, LLC, moved to

8  dismiss the Second Amended Complaint on May 14, 2012, on the grounds that

9  Plaintiff had added claims without Defendant's consent or prior leave of the court

10 and had listed defendants who had been previously dismissed. ECF No. 29.

11 Plaintiff filed a memorandum opposing dismissal and also filed a motion in the

12 alternative for leave to amend her complaint to include claims for invasion of

13 privacy and conversion on June 4, 2012. ECF Nos. 32, 33.

14                              DISCUSSION

15 **A. Invasion of Privacy Claims**

16   Plaintiff's Second Amended Complaint includes renewed allegations that

17 Defendant violated her right to privacy by reading and/or disclosing portions of her

18 private diary. Some of these allegations reference violations of RCW 42.56.050,

19 while others appear to reference the common law invasion of privacy torts of

20 intrusion upon seclusion and public disclosure of private facts. Defendant has

ORDER RE: MOTION TO DISMISS AND LEAVE TO AMEND ~ 2

moved to dismiss Plaintiff's invasion of privacy claims on the grounds that (1) they were added without Defendant's written consent or leave of the court; and (2) Plaintiff has failed to state a claim for a violation of RCW 42.56.050.

As an initial matter, the court finds that Plaintiff's amendment of the complaint with respect to her invasion of privacy claims was proper.  In its April 11 order, the court ruled that Plaintiff had failed to state a claim for invasion of privacy by false light.  ECF No. 27 at 18-20.  The court did, however, grant Plaintiff leave to amend her complaint to state a different invasion of privacy claim.  ECF No. 27 at 20 ("The Court finds the false light invasion of privacy cause of action insufficient, but that another amendment might not be futile to stating a cause of action.").  Accordingly, the court need only decide whether Plaintiff's Second Amended Complaint states a claim for invasion of privacy.

   1. RCW 42.56.050

Revised Code of Washington 42.56.050 is the so-called "privacy exemption" to Washington's Public Records Act ("PRA").  This statute prohibits state and local agencies from disclosing information about an individual that "(1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." RCW 42.56.050.  The purpose of this statute is to exempt from compulsory disclosure under the PRA matters that are "highly offensive and

1  lacking in personal interest." *Corey v. Pierce Cnty.*, 154 Wash. App. 752, 766, 225
2  P.3d 367, 375 (2010).

3      Plaintiff has not alleged that Defendant disclosed the private information at
4  issue pursuant to a Public Records Act request.  Nor has Plaintiff alleged that
5  Defendant is a state or local agency.  Accordingly, Plaintiff's Second Amended
6  Complaint fails to state a claim for a violation of RCW 42.56.050.  The court finds
7  that any further amendment as to this cause of action would be futile.

8      2. <u>Intrusion Upon Seclusion</u>

9      Washington recognizes a common law cause of action for invasion of
10 privacy by intrusion upon seclusion.  To prevail on an intrusion on seclusion claim,
11 a plaintiff must prove that the defendant (1) deliberately intruded; (2) into the
12 plaintiff's solitude, seclusion, or private affairs; (3) in a manner that would be
13 highly offensive to a reasonable person.  *Fisher v. State ex rel. Dep't of Health*,
14 125 Wash. App. 869, 879, 106 P.3d 836, 840 (2005); *Restatement (Second) of*
15 *Torts* § 652B (1977).

16     Plaintiff's Second Amended Complaint alleges that Defendant's agents or
17 employees deliberately read portions of her personal diary which contained details
18 about Plaintiff's private marital relations.  *See* Pl.'s Second Am. Compl., ECF No.
19 33-2, at ¶¶ 204-06, 223-27, 230.  The court finds that these allegations are
20

ORDER RE: MOTION TO DISMISS AND LEAVE TO AMEND ~ 4

sufficient to state a claim for intrusion upon seclusion. Accordingly, Defendant's motion to dismiss this claim is denied.

### 3. Public Disclosure of Private Facts

Washington also recognizes a common law cause of action for invasion of privacy by public disclosure of private facts. To prevail on a public disclosure of private facts claim, a plaintiff must prove that the defendant (1) intentionally disclosed private facts; (2) that were not of legitimate concern to the public; (3) which disclosure would be highly offensive to a reasonable person. *See Adams v. King Cnty.*, 164 Wash.2d 640, 661, 192 P.3d 891, 902 (2008); *Restatement (Second) of Torts* § 652D (1977). This cause of action is distinguished from the tort of intrusion upon seclusion in that "publicity is an essential element [of] an action based upon the defendant's public disclosure of private facts." David K. DeWolf & Keller W. Allen, 16A *Washington Practice Series* § 20.5 (3d ed.).

Plaintiff's Second Amended Complaint alleges that Defendant intentionally disclosed highly private marital-related information contained in her personal diary to members of its staff and to other members of the public by placing the diary "on a box with the pages open." *See* Pl.'s Second Am. Compl., ECF No. 33-2, at ¶¶ 213-16, 219-22, 225-27, 230. The court finds that these allegations are sufficient to state a claim for public disclosure of private facts. Accordingly, Defendant's motion to dismiss this claim is denied.

ORDER RE: MOTION TO DISMISS AND LEAVE TO AMEND ~ 5

### B. Conversion and Civil Theft Claim

Plaintiff's Second Amended Complaint pleads a new cause of action for conversion under Washington common law. This claim was not raised in Plaintiff's First Amended Complaint. Defendants seek dismissal of this claim on the ground that it was filed without Defendant's written permission or prior leave of the court in violation of Federal Rule of Civil Procedure 15(a)(2).

Unlike Plaintiff's claims for invasion of privacy, her conversion claim does not fall within the scope of the court's April 11 order granting Plaintiff leave to amend. Accordingly, the court must consider whether leave to amend would be appropriate under Rule 15(a)(2). In making this determination, the court must consider five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The court has substantial discretion in deciding whether to allow an amendment. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (1997). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, there is no indication that Plaintiff acted in bad faith. Although Plaintiff failed to provide a compelling reason for failing to plead her conversion claim earlier, there is nothing to suggest that her delay was deliberate or designed to gain a tactical advantage. However, the court finds that Plaintiff could have—

ORDER RE: MOTION TO DISMISS AND LEAVE TO AMEND ~ 6

indeed, should have—pled this claim in her original Complaint or her First Amended Complaint. As Defendant correctly notes, Plaintiff was aware of the factual basis for this claim from the beginning. Accordingly, the undue delay and prior amendment factors weigh against granting leave to amend.

On the other hand, Plaintiff's delay in filing her conversion claim has not prejudiced Defendant. In light of the relatively straightforward nature of the claim, allowing Plaintiff to proceed with this cause of action will not substantially delay discovery or unduly complicate Defendant's legal strategy. While some additional discovery may be required, there is no reason why it cannot be completed expeditiously prior to the January 2, 2013 discovery cutoff.

Finally, the court finds that an amendment to include a conversion claim would not be futile. For purposes of the futility analysis, the relevant question is whether Plaintiff's Second Amended Complaint states a facially plausible cause of action for conversion. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 215 (9th Cir. 1988) (noting that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)" of the Federal Rules of Civil Procedure); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face.") (internal quotation and citation omitted).

To prevail on a claim for conversion, a plaintiff must prove the following elements: (1) that the defendant willfully interfered with a chattel; (2) that the defendant acted without lawful justification; (3) that the plaintiff was entitled to possession of the chattel; and (4) that the plaintiff was deprived of such possession. *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wash.2d 601, 619, 220 P.3d 1214, 1223 (2009). A willful failure to return personal property belonging to another constitutes conversion. *Demelash v. Ross Stores, Inc.*, 105 Wash. App. 508, 522, 20 P.3d 447, 455 (2001).

Plaintiff's Second Amended Complaint alleges that she purchased a filing cabinet with her own money and for her own personal use, and that Defendant failed to return the filing cabinet to her after she was terminated. *See* Pl.'s Second Am. Compl., ECF No. 33-2, at ¶¶ 235, 238-40. Plaintiff also alleges that Defendant failed to return certain unspecified personal items that Plaintiff stored in her filing cabinet. *See* Pl.'s Second Am. Compl., ECF No. 33-2, at ¶¶ 237-39. Of course, Plaintiff must identify these personal items. The court finds that these allegations are sufficient to state a claim for conversion.

On balance, the court finds that Plaintiff's delay in pursuing her conversion claim is outweighed by the absence of prejudice to Defendant and the fact that

ORDER RE: MOTION TO DISMISS AND LEAVE TO AMEND ~ 8

Plaintiff has pled a facially valid claim.  Accordingly, Plaintiff's motion for leave to amend is granted, and Defendant's motion to strike the conversion claim is denied.

### C. Claims Against Previously-Dismissed Defendants

In its April 11 order, the court dismissed Plaintiff's claims against all Defendants who had not been served within 120 days of service of the Complaint.  The court noted that Plaintiff served Defendant Hospital Management Services of Florida, Inc., a Washington Corporation d/b/a Toppenish Community Hospital, on November 22, 2011, and Defendant Health Management Associates, Inc., on November 30, 2011.  ECF No. 27 at 24.  Of course, Defendant Yakima HMA, LLC, was served with Plaintiff's original Complaint on November 22, 2011 (*see* ECF No. 3) and with Plaintiff's First Amended Complaint on January 6, 2012 (*see* ECF No. 6).  All other Defendants were dismissed.

Plaintiff's Second Amended Complaint lists Defendants Yakima HMA, Inc., and John Does 1-50 in its caption.  Both of these Defendants have been previously dismissed, and Plaintiff has not sought leave to state new claims against them.  Accordingly, Defendant's motion to dismiss is granted with respect to these parties.  Plaintiff is directed to remove these Defendants, as well as any other previously-dismissed Defendants, from the caption of her Second Amended Complaint and all subsequent pleadings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Yakima HMA, LLC's Motion to Dismiss (ECF No. 29) is **GRANTED** in part and **DENIED** in part.

2. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 33) is **GRANTED**.

3. Plaintiff shall remove Yakima HMA, Inc., and John Does 1-50, as well as any other previously-dismissed Defendants, from her Second Amended Complaint. Plaintiff shall file a "Revised Second Amended Complaint" reflecting this change within **seven (7) days** of the entry of this order.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 3rd day of July, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge